UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRY DONALD RUTLEDGE, a/k/a
TORI ELISE RUTLEDGE,

      Plaintiff,

         v.                       CAUSE NO. 3:24-CV-628-JD-ALT

S. GUAJARDO, et al.,

      Defendants.

OPINION AND ORDER

Terry Donald Rutledge a/k/a Tori Elise Rutledge, a prisoner without a lawyer, is

proceeding in this case on three Eighth Amendment claims against Officer Selene

Guajardo, Officer Jaye Lehman, Officer Jordan Wolters, and Sergeant Patrick Tapscott.

Specifically, she is proceeding against these defendants for: (1) using excessive force

against her; (2) denying her medical care; and (3) failing to protect her from being

harmed by another inmate. ECF 6 at 8-9. The defendants filed a motion for summary

judgment, arguing Rutledge did not exhaust her administrative remedies before filing

this lawsuit. ECF 18. Rutledge filed a response, and the defendants filed a reply. ECF 23,

24, 25. The defendants' motion for summary judgment is now fully briefed and ripe for

ruling.

Summary judgment must be granted when "there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." Federal

Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the

evidence is such that a reasonable [factfinder] could [find] for the nonmoving party."
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in

actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The parties provide evidence showing the following facts: During all relevant times, an Offender Grievance Process was in place at Miami Correctional Facility ("MCF") which required Rutledge to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 20-1 at 2; ECF 20-2 at 3. To complete the first step, Rutledge needed to "submit a completed State Form 45471, 'Offender Grievance,' no later than ten (10) business days from the date of the incident giving rise to the complaint or concern to the Offender Grievance Specialist." ECF 20-2 at 9. If Rutledge submitted a grievance and received no receipt or response from the Grievance Specialist within ten business days, she needed to "notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." *Id.*

On April 10, 2024, Rutledge submitted Grievance 184860, complaining that on March 30, 2024, Officer Guajardo, Officer Wolters, and Officer Lehman used excessive force against her while escorting her to a decontamination shower by twisting her arm and dragging her in front of another inmate's cell so the inmate could throw urine and

3

feces at her. ECF 20-4 at 1. On April 27, 2024, after Rutledge received no receipt or response to Grievance 184860, she submitted a written notice to the Grievance Specialist stating that she filed a grievance on April 10 and never received any receipt or response. ECF 23-2 at 4. Rutledge requested that the Grievance Specialist either respond to her grievance or send her an appeal form so she could appeal to the warden. *Id.* Rutledge never received any response to this written notice. *Id* at 15. On July 22, 2024, Rutledge filed this lawsuit. ECF 1 at 9.[1] On July 26, 2024, after Rutledge filed this lawsuit, the grievance office issued a receipt for Grievance 184860. ECF 20-4 at 2. On December 31, 2024, the grievance office denied Grievance 184860. ECF 20-4 at 5. The Grievance Specialist attests Rutledge never appealed Grievance 184860 after it was denied. ECF 20-1 at 7-8.

Here, the relevant date for determining whether Rutledge exhausted her available administrative remedies is July 22, 2024 – the date she filed this lawsuit. *See Mayberry v. Schlarf*, No. 3:23-CV-64-JD-JEM, 2024 WL 4274856, at *3 (N.D. Ind. Sept. 24, 2024) (noting the relevant date for exhaustion purposes is the date the inmate filed the lawsuit). On that date, Rutledge had submitted Grievance 184860 to the grievance office, submitted a written notice to the Grievance Specialist notifying him of the lack of response to the grievance, and had not received any response from the Grievance Specialist to either her grievance or her written notice. Therefore, at the time Rutledge filed her lawsuit in this case, she had exhausted all administrative remedies that were

---

[1] Under the mailbox rule, a prisoner's submissions to the court are to be deemed as "filed" on the date they are delivered to prison authorities for forwarding to the district court. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001) (describing prison mailbox rule).

available to her with regard to Grievance 184860. The fact that the grievance office later issued a receipt for Grievance 184860 and then denied the grievances is not relevant, as this occurred after Rutledge filed this lawsuit. The defendants argue Rutledge should have submitted appeals for Grievance 184860, but it is undisputed Rutledge did not have any available appeal remedy at the time she filed this lawsuit because she had not yet received any receipt for her grievance. *See* ECF 20-2 at 12 (providing that an inmate may submit an appeal if she receives no grievance response "within twenty (20) business days of the Offender Grievance Specialist's *receipt* of the grievance") (emphasis added). Moreover, it is undisputed Rutledge requested an appeal form from the Grievance Specialist on April 27 and was ignored. *See* ECF 23-2 at 4, 15; *Kaba*, 458 F.3d at 684 ("when prison officials fail to provide inmates with the forms necessary to file an administrative grievance, administrative remedies are not 'available'"). Thus, the undisputed facts show Rutledge fully exhausted all available remedies with regard to Grievance 184860.

The defendants also argue Grievance 184860 does not exhaust all of Rutledge's claims in this lawsuit because the allegations in her grievance are too disconnected from some of her claims in this lawsuit. ECF 19 at 6-9; ECF 25 at 7-8. The purpose of a grievance is to alert prison officials to a problem so that action can be taken to remedy the problem. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011); *see also Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020) (holding that a prisoner satisfies the exhaustion requirement by giving prison officials "notice of, and an opportunity to correct, a problem"). Thus, an inmate's grievance is sufficient to exhaust a claim if it raises the

5

same claim as the lawsuit and provides enough information to indicate the defendant is the target. *King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023). An inmate cannot rely on a grievance to exhaust a claim if there is a "disconnect between the grievance and complaint." *Bowers v. Dart*, 1 F.4th 513, 517 (7th Cir. 2021). "Accordingly, assuming a prisoner takes all the administrative steps, his complaint will suffice for exhaustion purposes if it provides notice to the prison of the nature of the wrong for which redress is sought." *Jackson v. Esser*, 105 F.4th 948, 959 (7th Cir. 2024) (quotation marks omitted).

Rutledge is proceeding against all four defendants for: (1) using excessive force against her; (2) denying her medical care; and (3) failing to protect her from being harmed by another inmate. The defendants argue Grievance 184860 does not exhaust Rutledge's denial of medical care claim against any defendant, does not exhaust her failure-to-protect and excessive force claims against Sgt. Tapscott, and does not exhaust some of the allegations in her excessive force claim. Each argument will be addressed in turn.

First, the defendants are correct that Grievance 184860 does not exhaust Rutledge's denial of medical care claim against any defendant. Nothing in Grievance 184860 puts the prison on notice that any defendant denied Rutledge medical care. In her summary judgment response, Rutledge does not respond to this argument or provide any evidence she ever submitted or attempted to submit any grievance related to her denial of medical care claim. Therefore, the undisputed facts show Rutledge did not exhaust her denial of medical care claim, and summary judgment is warranted in favor of all defendants on this claim. Second, the defendants are correct that Grievance

184860 does not exhaust Rutledge's excessive force and failure-to-protect claims against Sgt. Tapscott. Rutledge's allegations in Grievance 184860—that Officer Guajardo, Officer Lehman, and Officer Wolters used excessive force against her while escorting her to the shower by twisting her arm and dragging her in front of another inmate's cell so the inmate could throw urine and feces at her—is sufficient to put the prison on notice of Rutledge's excessive force and failure-to-protect claims against Officer Guajardo, Officer Lehman, and Officer Wolters. But Grievance 184860 does not exhaust these claims against Sgt. Tapscott, as the grievance explicitly states that "three correctional officers" were responsible for this conduct and does not mention that Sgt. Tapscott or any other person was involved. *See* ECF 20-4 at 1; *Jackson*, 105 F.4th at 959-60 (while a grievance need not specifically name a defendant, it must at least put the prison on notice that another person was involved in the complained of conduct). The undisputed facts therefore show Rutledge did not exhaust her excessive force and failure-to-protect claims against Sgt. Tapscott, and summary judgment is warranted in favor of Sgt. Tapscott on these claims.

Lastly, the defendants argue Rutledge did not exhaust some of her allegations with regard to her excessive force claim. In her complaint, Rutledge alleged the defendants used excessive force against her by macing her in her cell, using more force than was necessary while dragging her to the shower, and refusing to turn the water on in the shower to prolong the effects of the mace. *See* ECF 6 at 3-4. In Grievance 184860, Rutledge alleged three correctional officers used excessive force against her while escorting her to a decontamination shower on the morning of March 30. *See* ECF 20-4 at

1. This notified the prison that Rutledge sought redress for the defendants' wrongful use of excessive force against her on the morning of March 30. *See Schillinger*, 954 F.3d at 995 ("[A]n inmate's complaint will suffice for exhaustion purposes if it provides notice to the prison of the *nature of the wrong for which redress is sought*") (emphasis added). Moreover, Rutledge explicitly mentioned in Grievance 184860 that she was being escorted to a decontamination shower when the defendants used excessive force against her, and an investigation into this allegation likely would have put the prison on notice of her claims she was maced in her cell and then given an inadequate decontamination shower. *See id.* at 995-96 (a prisoner satisfies the exhaustion requirement by giving prison officials "notice of, and an opportunity to correct, a problem"); *Jackson v. Mays*, No. 1:23-CV-428, 2025 WL 896496, at *3-4 (N.D. Ind. Mar. 24, 2025) (concluding an inmate's grievance requesting an internal affairs investigation into the injuries "documented on his medical records" put the prison on notice of his claim he was being harmed by his antipsychotic medications, as the investigation the inmate requested would have put the prison on notice of this claim). Therefore, while it is a close call, the court concludes Grievance 184860 gave the prison notice of and an opportunity to correct the entirety of Rutledge's claim that Officer Guajardo, Officer Lehman, and Officer Wolters used excessive force against her on the morning of March 30. Therefore, Grievance 184860 exhausts Rutledge's entire excessive force claim against these defendants.

Accordingly, the undisputed facts show Rutledge exhausted her available administrative remedies with regard to her failure-to-protect and excessive force claims

8

against Officer Guajardo, Officer Lehman, and Officer Wolters, but did not exhaust these claims against Sgt. Tapscott and did not exhaust her denial of medical care claim against any defendant. The defendants' motion for summary judgment is therefore granted in part and denied in part.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 18) with regard to Rutledge's claims:

    a.   against Officer Guajardo, Officer Lehman, Officer Wolters, and Sergeant Tapscott for denying her medical care in violation of the Eighth Amendment;

    b.  against Sgt Tapscott for using excessive force against her in violation of the Eighth Amendment; and

    c.  against Sgt Tapscott for failing to protect her from being harmed by another inmate in violation of the Eighth Amendment.

(2) DENIES the defendants' motion for summary judgment (ECF 18) with regard to Rutledge's remaining claims;

(3) DISMISSES Sgt. Tapscott from this action;

(4) DENIES AS MOOT Rutledge's motion for a status update on the summary judgment motion (ECF 30); and

(5) REMINDS the parties this case is now proceeding only on Rutledge's remaining claims:

9

a.  against Officer Guajardo, Officer Lehman, and Officer Wolters in their personal capacity for monetary damages for using excessive force against her, in violation of the Eighth Amendment; and

b.  against Officer Guajardo, Officer Lehman, and Officer Wolters in their personal capacity for monetary damages for failing to protect her from being harmed by another inmate, in violation of the Eighth Amendment.

SO ORDERED on March 6, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

10